UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRENDON ALBERS, Individually, and CHRISTOPHER ESTES, Individually, | ) ) ) ) | CIV. 06-4242 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | **MEMORANDUM OF LAW IN IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| MELLEGARD, INC., a South Dakota Corporation d/b/a Tri-State Implement, Inc., STEVE MELLEGARD, Individually, and STAN MELLEGARD, Individually, | ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs, Brendon Albers and Christopher Estes ("Plaintiffs"), by and through their attorneys of record, Lynn, Jackson, Shultz & Lebrun, P.C., respectfully move this Court for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Defendants' Counterclaims alleging Plaintiffs wrongfully and deceitfully charged gasoline on Defendants' charge account at a gas station near Tri-State and Defendants' claims that Plaintiffs took/converted equipment and supplies from Tri-State. Plaintiffs contend Defendants filed these two counterclaims to harass, embarrass and intimidate Plaintiffs and that the claims should be dismissed.

# STATEMENT OF MATERIAL FACTS

Mellegard, Inc., d/b/a Tri-State Implement, Inc. ("Tri-State") is owned by Steve and Stan Mellegard. SUMF, ¶ 2. Albers was employed at Tri-State from approximately January 1, 2002 to August 2006. SUMF, ¶ 4. Estes was employed at Tri-State from approximately July 22, 2005 to August 2006. SUMF, ¶ 5. Steve and Stan Mellegard are responsible for the day-to-day operations of Tri-State. SUMF, ¶ 3. Steve and Stan Mellegard supervise Tri-State's employees. SUMF, ¶ 3.

Plaintiffs brought this lawsuit alleging violations of 42 U.S.C. § 1981, the Employee Retirement Income Security Act (ERISA) and the Fair Labor Standards Act (FLSA). *See* Doc. No. 1. Specifically, Plaintiffs allege that Defendants racially discriminated against them by calling them racially derogatory names mocking their American Indian heritage. *Id.*. Steve Mellegard testified that Stan Mellegard called Plaintiffs such names as "yip-yip", "squaw humper", "wagon burners" and told Plaintiffs that, "the only good Indian is a dead Indian." Steve Depo. at 73-74; 12-17.

Defendants filed three Counterclaims against Plaintiffs listed in six paragraphs. See Doc. No. 11, Counterclaim ¶¶ 1-6. Defendants allege that Plaintiffs are liable to them for the wrongful and deceitful charging of gasoline at a local gas station, and for converting Tri-State's equipment and supplies when their employment was terminated at Tri-State. *See* Doc. No. 11, Counterclaim, ¶¶ 1-6. Defendants also claim that Albers owes them money for loans Defendants made to Albers. *Id.* Albers does not dispute that he owes Defendants money for loans although he disputes the amount he owes Defendants. This last Counterclaim is included in this Motion.

In regards to the gasoline charges, Estes paid for the gasoline subject of the Counterclaim with deductions from his paycheck. SUMF, ¶ 9. Estes' last paycheck was short by $0.65 and he is willing to pay Defendants that amount. *Id.* Plaintiffs also contend they never converted/took equipment and supplies from Defendants. SUMF, ¶¶ 14 & 15. Stan Mellegard, when asked in his deposition, admitted he could not prove that Plaintiffs converted any of Defendants' equipment and supplies. SUMF, ¶ 13. Defendants testified that they do not know if Plaintiffs converted/took Tri-State's equipment and supplies. SUMF, ¶ 10-12. Plaintiffs' employment with Tri-State was terminated in the middle of the work day on August 10, 2006. SUMF, ¶ 17.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Hanger v. Lake County*, 390 F.3d 579, 582 (8th Cir. 2004) (citing *First Bank of Marietta v. Hogge*, 161 F.3d 506, 510 (8th Cir. 1998)). Applying these standards, the Court's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial. *Quick v. Donaldson Co.*, 90 F.3d 1371, 1376-77 (8th Cir. 1996); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237

3

(8th Cir. 1990). An issue of material fact is genuine if it has a real basis in the record. *Hartnagel v. Norman,* 953 F.2d 394 (8th Cir. 1992), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

"'In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253-55, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). Recently, the Supreme Court noted that 'summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). The non-moving party 'must do more than show that there is some metaphysical doubt as to the material facts,' *Matsushita,* at 586, 106 S.Ct. at 1356, and '[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.*" *Great West Cas. Co. v. Travelers Indem. Co.,* 925 F.Supp. 1455, 1462. (D.SD. 1996).

## ARGUMENT & AUTHORITIES

Defendants allege that Plaintiffs wrongfully and deceitfully charged gasoline and converted/took equipment and supplies from Tri-State. *See* Doc. No. 11, ¶¶ 1-6. Defendants allege that both of these acts were the wrongful conversion of their property. *Id.* at Counterclaim, ¶ 4. The United States District Court for the District of South Dakota, in analyzing conversion, has stated:

4

> Under well-settled South Dakota law, a conversion occurs whenever there is a serious interference to a party's right in his property. The act constituting "conversion" must be an intentional act, but it does not require wrongful intent and is not excused by care, good faith, or lack of knowledge.
>
> *Denke v. Mamola*, 437 N.W.2d 205, 207 (S.D.1989) (quoting *Rensch v. Riddle's Diamonds of Rapid City*, 393 N.W.2d 269, 271 (S.D.1986)) (other citations omitted). The Restatement (Second) of Torts § 222A(1) further provides that: Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.
>
> *See Rensch*, 393 N.W.2d at 271. Dominion "implies both title and possession and appears to require a complete retention of control over disposition." Black's Law Dictionary 486 (6th ed. 1990).

*Great West Cas. Co. v. Travelers Indem. Co.*, 925 F.Supp. 1455, 1467-68. (D.SD. 1996).

## 1. Plaintiffs did not wrongfully and deceitfully charge gasoline on Defendants' account at a local gas station.

Plaintiffs did not convert Defendants' cash, as Defendants allege in ¶ 4 of their Counterclaim, by wrongfully and deceitfully charging gasoline to Tri-State's charge account at a local gas station. Estes does not deny that he charged gasoline, but maintains that he did not wrongfully or deceitfully do so. SUMF, ¶ 7, 8, 9. Estes signed his own name on the charge slips. SUMF, ¶ 8. Estes did not forge another person's signature or pretend to be someone other than himself. Estes routinely charged gasoline at said gas station knowing it would be deducted from his next paycheck. Estes had a paycheck coming to him at the time he charged the gas, and assumed the gas charges would be deducted from his last paycheck. SUMF, ¶¶ 7 & 8. There was nothing deceitful or devious in Estes' charging of gasoline. Estes never charged gasoline after his last day of employment at Tri-State. SUMF, ¶ 10.

5

Estes, in charging the gasoline, never controlled, interfered with or caused injury to Defendants as required under a claim of conversion. Estes last paycheck was short 65 cents in covering the charged gasoline. Upon picking up his last paycheck, Defendants never asked Estes to pay them the 65 cents nor accused him of wrongfully or deceitfully charging gasoline. This 65 cent shortfall is a debt owed by Estes, but is not a conversion. Estes, however, is willing to reimburse Tri-State the 65 cents in remaining gasoline charges.

Defendants' allegations that Albers wrongfully and deceitfully charged gasoline to Tri-State lack any merit. Albers never charged gasoline the day in question to Tri-State and Defendants have presented no such evidence to suggest that he did. Defendants' Counterclaim only alleges that Albers was with Estes when Estes charged the gasoline to Tri-State's charge account. It is Albers' contention that Defendants' only intention in filing this Counterclaim was to harass, embarrass and intimidate him.

Defendants cannot provide significant probative evidence that proves Plaintiffs had the requisite dominion and control over Defendants' property necessary to invoke liability under a conversion theory. *Great West Cas. Co.* at 1468. Plaintiffs respectfully ask this Court to dismiss Paragraphs 1-4 of Defendants' Counterclaim because they did not wrongfully or deceitfully charge gasoline to Tri-State.

## 2. Plaintiffs did not convert/take any of Tri-State's equipment or supplies.

Defendants also allege in their Counterclaim that Plaintiffs took/converted Tri-State's property including equipment and supplies. Plaintiffs deny taking or converting any of Defendants' equipment and supplies. SUMF, ¶ 14 & 15.

6

Defendants, to sustain this claim, must be able to advance some kind of evidence that Plaintiffs did what they claim. *Breen v. Dakota Gear & Joint Co., Inc.*, 433 N.W.2d 221, 223 (S.D. 1988) ("[t]he party opposing a motion for summary judgment must be diligent in resisting the motion, and mere general allegations and denials which do not set forth specific facts will not prevent issuance of a judgment."). Stan Mellegard testified that he could not prove that Plaintiffs converted any of Tri-State's property. SUMF, ¶ 13. More importantly, the Mellegards testified at their respective depositions that they do not know if Plaintiffs converted any of their equipment and supplies. SUMF, ¶ 11 & 12. The Mellegards' own testimony illustrates they cannot sustain or even had a basis to allege Plaintiffs converted or took any of their property.

Even with evidence in a summary judgment motion being viewed in the light most favorable to the non-moving party, Defendants' Counterclaims for conversion of their property should be dismissed. There is no genuine issue if no rational trier of fact could find for the non-moving party. *See, Great West Cas. Co. v. Travelers Indem. Co.*, 925 F.Supp. 1455, 1462. (D.SD. 1996). Because Defendants' own testimony indicates a rational trier of fact could not find for Defendants in their Counterclaim, Plaintiffs respectfully ask this Court to dismiss Defendants' Counterclaims pled in ¶¶ 3-5 of their Counterclaim.

### 3. Plaintiffs attempted to resolve this dispute before filing this Motion.

Plaintiffs contacted Defendants through Defendants' counsel in order to resolve this dispute before filing this Motion. Affidavit of Ryland Deinert, ¶ 8. Plaintiffs never received a response from Defendants.

7

## CONCLUSION

The undisputed facts support a finding that: (1) Plaintiffs did not wrongfully or deceitfully charge gasoline to Defendants' charge account; and (2) Defendants cannot sustain their claims that Plaintiffs converted or took any equipment and supplies from Tri-State. For the foregoing reasons, Brendon Albers and Christopher Estes respectfully request this Court to grant their Motion for Partial Summary Judgment.

Respectfully submitted this 3rd day of March, 2008.

>LYNN, JACKSON, SHULTZ & LEBRUN, P.C.
>By: */s/ Ryland Deinert*
>Richard D. Casey
>Ryland Deinert
>Attorneys for Plaintiffs
>P.O. Box 2700
>Sioux Falls, SD 57101-2700
>605-332-5999 (phone)
>605-332-4249 (fax)
>rcasey@lynnjackson.com
>rdeinert@lynnjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2008, I sent to:

Ms. Sandra Hoglund-Hanson
Ms. Susan Brunick-Simmons
Davenport, Evans, Hurwitz & Smith, LLP
P.O. Box 1030
Sioux Falls, SD 57101-1030

by electronic service through ECF, a true and correct copy of **Memorandum of Law in Support of Plaintiffs' Motion for Partial Summary Judgment** relative to the above-entitled matter.

>*/s/ Ryland Deinert*
>Ryland Deinert