UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDON ALBERS, Individually, and CHRISTOPHER ESTES, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> MELLEGARD, INC., a South Dakota Corporation d/b/a Tri-State Implement, Inc., STEVE MELLEGARD, Individually, and STAN MELLEGARD, Individually, <br><br> Defendants. | CIV. 06-4242 <br><br><br><br> **PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

COMES NOW Plaintiffs Brendon Albers and Christopher Estes, by and through counsel of record, and hereby respectfully submit this Reply to Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment.

## A. Defendants' claim of conversion for the alleged wrongful and deceitful gasoline charges should be dismissed.

### 1. It is undisputed that Estes had permission to charge gasoline on Tri-State's account.

Defendants argue in their Response that their claim of conversion for the alleged wrongful and deceitful charging of gasoline should stand against Plaintiffs. This claim, however, should be dismissed because it is undisputed that Estes had permission to charge gasoline on Defendants' account. Defendants, in support of their own motion for

- 1 -

summary judgment, state in their Statement of Undisputed Facts at No. 96 (Doc. No. 53) that:

> As an accommodation to Plaintiff Estes, Tri-State allowed him to charge its account for gasoline at a station across the street. *See* Estes Depo. at 57-58.

Defendants take this Statement of Undisputed Fact from Estes' deposition testimony that Stan Mellegard gave him permission to charge gasoline at a local gas station. Estes' deposition testimony was that the charges would then be deducted from his next scheduled paycheck. *See* Ryland Deinert Affidavit, ¶ 2.

Defendants cannot claim they "accommodated" Estes by allowing him to charge gasoline in the Statement of Undisputed Facts in their own motion for summary judgment, but then deny this "Undisputed Fact" in resisting Plaintiffs' motion for summary judgment. Defendants' Statements of Undisputed Facts in their motion for summary judgment, contrary to their arguments in this motion, casts Defendants' arguments "in an unpersuasive light." *See Fox Sports Net North, L.L.C. v Minnesota Twins Partnership*, 319 F.3d 329, 335, fn. 4 (8th Cir. 2003)(citations omitted). "Admissions in pleadings . . . are in the nature of judicial admissions binding upon the parties unless withdrawn or amended." *Id.*

Defendants' claim of conversion for the wrongful and deceitful charging of gasoline should be dismissed against Plaintiffs because Defendants have acknowledged that Estes had permission to charge gasoline on Defendants' account.

2

## 2. Estes reimbursed Tri-State for the gasoline charges with deductions from his last paycheck.

In addition to having permission to charge gasoline on Defendants' account, Estes reimbursed Defendants for the gasoline charges. Defendants, however, argue in their responsive brief that, ". . . Tri-State's bookkeeper believes Estes still owes monies to Tri-State. His final paycheck was too small to cover his child support obligation and this unauthorized gas charge, let alone the federal income tax or social security withholdings required to be taken from any employee's paycheck. Thus, Estes still owes monies to Tri-State, likely including the amount he charged for gas, without permission." Doc. No. 61, pg. 4. Tri-State's bookkeeper's deposition testimony does not support this contention. The bookkeeper testified that she is, "thinking it [deductions on Estes' last paycheck] probably included the gasoline." Doc. No. 61, pg. 2 and SUMF ¶ 9 (Doc. No. 48).

The bookkeeper's deposition was taken on September 13, 2007, and Defendants have not advanced any evidence other than their bookkeeper's testimony to support this Counterclaim. The evidence, as it stands now, is that Tri-State's bookkeeper is "thinking" that Estes reimbursed Tri-State for the gasoline charges. Defendants cannot assert "a better version of the facts than [their and their employee's] prior testimony and 'cannot now claim a material issue of fact which assumes a contrary conclusion to [their bookkeeper's] own testimony." *Loewen v. Hyman Freightways, Inc.*, 557 NW2d 764, 768 (SD 1997). The evidence taken in the light most favorable to Defendants is that Tri-State was reimbursed for Estes' gasoline charges.

3

Plaintiffs respectfully ask this Court to dismiss Defendants' Counterclaim of conversion for the wrongful and deceitful charging of gasoline.

## B. Defendants' claim of conversion for missing supplies and equipment should be dismissed.

Defendants claim that their Counterclaim of conversion for missing equipment and supplies should stand because the equipment and supplies were found to be missing after Plaintiffs' employment was terminated. Defendants argue they have presented sufficient circumstantial evidence to proceed on this Counterclaim. Defendants must, however, be able to advance some kind of evidence that Plaintiffs did what they claim. *Breen v. Dakota Gear & Joint Co., Inc.*, 433 NW2d 221, 223 (SD 1988)("[t]he party opposing a motion for summary judgment must be diligent in resisting the motion, and mere general allegations and denials which do not set forth specific facts will not prevent issuance of a judgment.")

As argued in Plaintiffs' initial brief, Defendants admit they cannot prove or that they even know Plaintiffs converted any of their equipment and supplies. Plaintiffs also deny converting any of Defendants' property. It is also undisputed that the supplies were not missing before Plaintiffs' last day of employment. If they were, Plaintiffs would not have been able to perform their job duties at Tri-State. *See* Defendants' Response to Plaintiffs' Statement of Material Facts, ¶¶ 10-13 (Doc. No. 62). It is also undisputed that Plaintiffs' employment at Tri-State ended after the morning break on August 10, 2007. *Id.* at ¶ 16.

Defendants' brief insinuates that sufficient circumstantial evidence exists that proves Plaintiffs' converted their property because, "A reasonable person can infer from the fact that the very supplies and equipment that Plaintiffs used in the workplace were completely gone – the cupboard was bare – just as Plaintiffs suddenly and emotionally quit work, that Plaintiffs were the parties who took those supplies and equipment." Doc. No. 61, pg. 6. Defendants' insinuation that Plaintiffs took DA sanders, sandpaper and a "cupboard" full of equipment and supplies after having terminated their employment during mid-morning of a work-day -- in front of Tri-State's employees, Steve and Stan -- does not make sense. Estes testified that upon his termination he went up to Norm Mellegard and told him goodbye. Albers testified that he grabbed his paint-guns and left. Had Plaintiffs taken any of Defendants' equipment or supplies, surely Tri-State's employees or Steve and Stan would have witnessed or observed this. The amount of equipment and supplies alleged to have been taken by Plaintiffs is not small enough to hide on their persons. There is no evidence besides Defendants' general allegations that Plaintiffs converted any equipment and supplies.

Defendants, in this claim of conversion, have presented mere general allegations and no specific facts that Plaintiffs converted their equipment and supplies. Defendants can not meet their burden in advancing this conversion claim. Therefore, Plaintiffs respectfully ask this Court to grant their motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court to grant their Motion for Partial Summary Judgment.

Dated this 2nd day of April, 2008.

                                             LYNN, JACKSON, SHULTZ & LEBRUN, P.C.
By: */s/ Ryland Deinert*
    Richard D. Casey
    Ryland Deinert
    Attorneys for Plaintiffs
    P.O. Box 2700
    Sioux Falls, SD 57101-2700
    605-332-5999 (phone)
    605-332-4249 (fax)
    rcasey@lynnjackson.com
    rdeinert@lynnjackson.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2008, I sent to:

Ms. Sandra Hoglund-Hanson
Ms. Susan Brunick-Simmons
Davenport, Evans, Hurwitz & Smith, LLP
P.O. Box 1030
Sioux Falls, SD 57101-1030

by electronic service through ECF, a true and correct copy of **Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Partial Summary Judgment** relative to the above-entitled matter.

                                             */s/ Ryland Deinert*
                                             Ryland Deinert